IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN W. TAYLOR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMCAST'S CORPORATION, EXECUTIVE DIRECTORS; COMCAST'S JOHN DOE, FRANCHISES; COMCAST'S JOHN DOE BILLING DEPARTMENT; JOHN DOE, PAYING AGENCIES; CHRISTINA D.; MATTHEW F.,<br><br>　　　　　Defendants. | **CASE NO.** 2:18-cv-1230 |

## DEFENDANTS' NOTICE OF REMOVAL

**To the United States District Court
for the Western District of Pennsylvania:**

　　　　Defendant, Comcast Cable Communications, LLC (incorrectly identified as "Comcast's Corporation, Executive Directors; Comcast's John Doe, Franchises; Comcast's John Doe Billing Department; John Doe, Paying Agencies; Christina D.; and Matthew F."), by and through its undersigned counsel ("Comcast"), hereby files this Notice of Removal, removing the above-captioned action from the Court of Common Pleas of Allegheny County, in which it is now pending, to the United States District Court for the Western District of Pennsylvania.

　　　　The grounds for the removal of this action are as follows:

　　　　1.　　The plaintiff, John W. Taylor ("Plaintiff"), filed a Civil Action Complaint on or about August 16, 2018, docketed as Taylor v. Comcast's Corporation, Executive

Directors, et al., GD-18-010639 (the "State Court Action"), against Comcast.  (A true and correct copy of the Complaint is attached hereto as Exhibit 1.)

2. Plaintiff served the Civil Action Complaint upon Comcast on or about August 17, 2018.  (Copies of the Sheriff's Returns of Service filed in the State Court action are attached as Exhibit 2.)

3. In the Complaint, Plaintiff appears to assert the following causes of action:

- Violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO");
- Violation of the federal Wire Fraud Act;
- Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL");
- Common law fraud;
- "fraudulent conversion;" and
- Mail fraud.

4. The Complaint, on its face, asserts federal civil rights claims that fall within the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331.

5. Further, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state statutory claims identified in the Complaint.

6. Accordingly, this action is removable in accordance with 28 U.S.C. § 1441(a).

7. This removal notice is timely, as it is being filed within 30 days of the receipt of the Complaint by Comcast setting forth the claims for relief upon which the underlying State Court Action is based.  28 U.S.C. § 1446(b).

8. Copies of all process which has been received by Comcast are filed herewith and attached hereto as Exhibit 2.[1]

9. To the extent there are multiple Comcast entities or employees that are properly named and served, all defendants consent to the removal of this action.

10. A copy of the Praecipe to Enter Notice of Removal that will be filed in the State Court Action promptly after filing this Notice of Removal is attached as Exhibit 3.

**WHEREFORE**, notice is given that the above-captioned action is removed from the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: September 14, 2018

/s/ Leslie M. Greenspan
Joe H. Tucker, Jr., Esquire (I.D. No. 56617)
Leslie M. Greenspan, Esquire (I.D. No. 91639)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

Attorneys for Defendant,
Comcast Cable Communications, LLC

---

[1] For the sake of completeness, Comcast attaches to this Notice of Removal the six identical copies of the Complaint served on Comcast on August 17, 2018.

## **CERTIFICATE OF SERVICE**

I, Leslie M. Greenspan, Esquire, do hereby certify that I caused to be served a true and correct copy of Defendant's Notice of Removal to the following via regular mail:

>John W. Taylor
>4003 Penn Ave., Apt. 809
>Pittsburgh, PA 15224
>
>*Pro Se* Plaintiff

**TUCKER LAW GROUP, LLC**

Dated: September 14, 2018

/s/ Leslie M. Greenspan
Leslie M. Greenspan, Esquire